UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60569-CIV-ROSENBAUM

CHESTER BOZEMAN,
KENNETH FERGUSON, and
BRYAN L. WOODS, individually
and on behalf of all similarly situated,

                Plaintiffs,

v.

PORT-O-TECH CORP., a Florida
Corporation, WILLIAM PEELER, and
MANUEL ALONSO, individually,

                Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendants Port-O-Tech Corp., William Peeler, and Manuel Alonso's Motion for Leave to Take Deposition of Michael Olin [D.E. 32]. The Court has carefully reviewed the Motion and the case file and has considered the arguments relating to the pending Motion, raised by Defendants at a hearing on June 19, 2008, on another discovery matter. The Court has further considered Plaintiffs' objections to Defendants' June 19, 2008, *ore tenus* version of Defendants' Motion. The Court now requests briefing from Plaintiffs on a narrow issue relating to Defendants' Motion: when did Defendants first demonstrate any indication of knowledge concerning their current contention that Plaintiffs were working under Coylin's name while on the clock at Port-O-Tech, or when did Defendants first have notice of any facts underlying their current contention that Plaintiffs were working under Coylin's name while on the clock at Port-O-Tech,

whichever occurred first?

The Court has thoroughly reviewed Port-O-Tech's state court Verified Complaint and finds that it does not appear to answer this question. While the Verified Complaint plainly alleges that Plaintiffs Bozeman and Ferguson assisted Michael Olin in his efforts to "use[] [Port-O-Tech's] equipment, bill[] Port-O-Tech's customers for the use of the equipment using invoices from Coylin, and ha[ve] customers remit payment directly to M. Olin," such contentions do not expressly include nor necessarily imply an allegation that Plaintiffs Bozeman and Ferguson engaged in such actions while on the clock for Port-O-Tech.

As noted above, the Court is already aware of Plaintiffs' arguments that Defendants' Motion effectively seeks to re-litigate their June 9th Motion for Continuance and further, that Olin has been deposed and testified in Court in this case. The Court is also cognizant of Plaintiffs' contentions that another deposition of Olin is unlikely to uncover any useful information because he is not credible, in light of the inconsistencies in Olin's previous testimony. Consequently, Plaintiffs need not re-argue these positions.

In accordance with this Order, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs shall provide briefing on the limited issue raised by this Order by **5:00 p.m., June 24, 2008**.

**DONE AND ORDERED** this 20th day of June, 2008.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record