UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60569-CIV-ROSENBAUM

CHESTER BOZEMAN,
KENNETH FERGUSON, and
BRYAN L. WOODS, individually
and on behalf of all similarly situated,

        Plaintiffs,

v.

PORT-O-TECH CORP., a Florida
Corporation, WILLIAM PEELER, and
MANUEL ALONSO, individually,

        Defendants.
_____/

### ORDER

This matter comes before the Court upon Defendants Port-O-Tech Corp., William Peeler, and Manuel Alonso's Motion for Leave to Take Deposition of Michael Olin [D.E. 32]. The Court has carefully reviewed the Motion and the case file and has considered the arguments relating to the pending Motion, raised by Defendants at a hearing on June 19, 2008, on another discovery matter. For the reasons stated below, the Court now denies Defendants' Motion.

### *I. Background*

Defendant Port-O-Tech Corp. ("Port-O-Tech") is a Florida corporation engaged in the business of providing, servicing, and maintaining portable toilets. [D.E. 1]. Port-O-Tech has offices in Homestead and Pompano Beach, Florida. *Id.* Defendants Peeler and Alonso serve as officers of

Defendant Port-O-Tech. *Id.*

Plaintiffs Chester Bozeman, Kenneth Ferguson, and Bryan L. Woods are former employees of Defendant Port-O-Tech who delivered and maintained portable toilets for Port-O-Tech during their employment with the company. [D.E. 1 and D.E. 29-2]. Because Plaintiffs delivered and serviced portable toilets in Broward and Palm Beach Counties, Michael Olin, Port-O-Tech's Broward and Palm Beach Counties operations manager, managed Plaintiffs during their employment with Port-O-Tech. *Id.*

Mr. Olin left Port-O-Tech's employ in approximately February or March, 2007. [D.E. 29-2]. Between about January and March, 2007, Plaintiffs also resigned their positions with Port-O-Tech. [D.E. 1 and D.E. 29-2].

On April 18, 2007, Plaintiffs filed their Complaint in this case, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by Defendants. [D.E. 1]. Through this action, Plaintiffs, who assert that they worked in excess of the maximum number of regular hours allowed for by FLSA and were not paid at a rate of time and one-half, seek alleged owed overtime compensation, damages and reasonable attorney's fees and costs. *Id.*

The Court entered a scheduling order in this case on June 22, 2007. [D.E. 10]. In accordance with the scheduling order, the Court set a deadline for completing discovery in the case by March 21, 2008. *Id.*

On November 19, 2007, Defendant Port-O-Tech filed suit against Bozeman, Ferguson, Mr. Olin, and others, in the Eleventh Judicial Circuit Court in and for Miami-Dade County, in Case No. 07-40463CA40 ("State Case"). [D.E. 29-2]. Among other claims, Port-O-Tech asserted that while employed with Port-O-Tech, Olin sabotaged Port-O-Tech for the benefit of Coylin Industries, Inc.,

a business Mr. Olin owned and operated, which Port-O-Tech claimed effectively cannibalized Port-O-Tech's customers, secretly using Port-O-Tech's equipment to service such patrons. *Id.*  Port-O-Tech further alleged in the State Case that Bozeman and Ferguson participated in and "facilitated" Olin's alleged scheme by assisting Mr. Olin in the use of Port-O-Tech's equipment to service Port-O-Tech's customers that Mr. Olin billed through Coylin Industries.  *Id.*

Returning to the case pending before this Court, during the scheduled discovery period, on February 20, 2008, the parties deposed Mr. Olin. [D.E. 32, 37].  In March, 2008, Defendant Port-O-Tech rehired Mr. Olin. [*See* D.E. 32, 35, 37].

The parties subsequently came before the Court for a status conference on April 4, 2008. [D.E. 17].  At the status conference, the parties jointly moved for an extension of the discovery period and a continuance of the trial date, based on, among other reasons, "the need for additional discovery due to new information revealed during depositions." [D.E. 18].  The Court granted the parties' joint motion, extending the discovery deadline until June 20, 2008, but cautioned, "Because the Court is granting a significant extension of the discovery period and the trial date, . . . the parties are advised that they should fully expect to complete discovery within the newly allotted timeframe and to be prepared for trial . . . , in accordance with the new schedule.  Barring extenuating circumstances, the Court does not anticipate extending any of the new deadlines." *Id.*

According to Plaintiffs, on May 9, 2008, Defendants' counsel mailed a letter to Plaintiffs' counsel "insinuating" that Plaintiffs were working for a third party at the same time they were working for and being paid by Port-O-Tech. [D.E. 29, ¶ 12].  On May 14, 2008, and June 4, 2008, in response to requests by Plaintiffs for all information regarding this allegation, Defendants responded with a list of witnesses that they asserted supported their claim.  *Id.*, ¶ 12-16.

On June 9, 2008, Defendants moved for an extension of the discovery period and a continuance of the trial date. [D.E. 27]. In their motion, Defendants represented that "[s]ince the entry of the revised scheduling order[,] new information has come to the attention of Defendants which is required for the proper defense of Plaintiffs' claims against the Defendants." *Id.*, ¶ 2. Further, Defendants asserted that "in or about February, 2008, Defendants became aware of the possibility that Plaintiffs Bozeman and Ferguson were obtaining compensation, in addition to the compensation they were receiving from Defendants, from another employee, while on Defendants' time clock." *Id.*, p. 4. Further, according to Defendants, "[a]s discovery continued in this matter, more evidence came to light that this possibility was in fact a reality." *Id.* Defendants state that they provided Plaintiffs with "data, compilations, reports and other documents which would prove Defendants['] assertion and tend to show that Plaintiffs' claims were in question." *Id.* Moreover, Defendants urged, "through further discovery, including through the depositions of Plaintiffs, Defendants have become aware of additional witnesses that will be able to prove that Plaintiffs were working for Michael Olin's company, Coylin Industries, Inc.[,] while employed and being compensated by Port-O-Tech." *Id.*

Plaintiffs opposed Defendants' motion, arguing that they wanted to finish the case and citing the Court's Revised Scheduling Order [D.E. 18] and the lack of good cause or "extenuating circumstances" warranting a continuance. [D.E. 29]. After a hearing on Defendants' Motion [D.E. 23], the Court declined to continue the trial date, but agreed to a one-week extension of the discovery period until June 27, 2008. [D.E. 30].

At a hearing on June 19, 2008, regarding Plaintiffs' Motion to Compel Responses to Plaintiffs' Requests for Production, Defendants made an *ore tenus* motion for leave to take a second

4

deposition of Olin. [D.E. 35]. The Court instructed Defendants that if they wished to pursue such a motion, they should file a written version of it with the Court. Accordingly, on June 19, 2008, Defendants filed their Motion for Leave to Take Deposition of Michael Olin. [D.E. 32].

According to Defendants' Motion, "Since Michael Olin's deposition[,] Defendants have obtained records that show that while Bozeman and Ferguson were employed by Port-O-Tech, they were working for Coylin while charging time to Port-O-Tech and collecting pay checks from both companies." [D.E. 32]. Defendants argue that a second deposition of Olin "is critical in order to verify the documents which have been obtained which will unequivocally show that Ferguson and Bozeman were working for Coylin Industries and being paid by Coylin Industries for time which they are claiming as overtime owed by Defendants." *Id.* Further, Defendants contend that "[s]ince the date of Michael Olin's deposition by Plaintiff, [Defendants have learned of] more comprehensive information as to Michael Olin's knowledge of the extra-employment activities of Bozeman and Ferguson based on newly discovered documents showing that Michael Olin was paying these parties while they were working for Defendant." *Id.*

On June 20, 2008, the Court issued an order expediting the briefing schedule on Defendants' Motion and directing Plaintiffs to brief the following narrow issue: "when did Defendants first demonstrate any indication of knowledge concerning their current contention that Plaintiffs were working under Coylin's name while on the clock at Port-O-Tech, or when did Defendants first have notice of any facts underlying their current contention that Plaintiffs were working under Coylin's name while on the clock at Port-O-Tech, whichever occurred first?" [D.E. 36].

Plaintiffs filed their response on June 24, 2008 [D.E. 37], and indicated that they are unable to determine when Defendants first demonstrated knowledge concerning their allegation, due to

5

Defendants' failure to supplement their initial disclosures and responses to Plaintiffs' discovery requests. Moreover, Plaintiffs claim that Mr. Alonso has refused to identify specifically what information Defendants have discovered through their ongoing investigation into the allegations that while Plaintiffs Bozeman and Ferguson were employed by Defendants, they were working for Coylin while charging time to Defendants. *Id.* Nonetheless, Plaintiffs state that at a deposition on June 28, 2008, Mr. Alonso testified "that he has been aware of [the possibility that Plaintiffs Bozeman and Ferguson worked for Coylin while on the clock for Defendants] for several months, learning about it soon after Mr. Olin was rehired." *Id.*

In addition, according to Plaintiffs, Defendants have produced only eight checks from Coylin ranging a period of eleven months. Meanwhile, Plaintiffs alleged uncompensated overtime claims span a three-year period. [D.E. 37]. Thus, Plaintiffs urge, any potential relevance of Mr. Olin's information regarding this subject matter would be limited, even under the best of circumstances. Moreover, Plaintiffs question the reliability of any further statements by Mr. Olin, in view of the fact that he now once again works for Defendants, and he is simultaneously a defendant in Port-O-Tech's State Court case. In view of these factors, Plaintiffs argue that Defendants' Motion should be denied. *Id.*

## *II. Analysis*

Generally, a party may take the deposition of any person, including a party, without leave of the court. Fed. R. Civ. P. 30(a)(1). However, a party must obtain leave of the court to take a deposition in certain circumstances: a proposed deposition would result in more than ten depositions being taken by a single party, or the person to be examined has already been deposed. Fed. R. Civ. P. 30(a)(2)(A), (B); *see also Mathis v. Wachovia*, 2006 WL 3737300, * 5-7 (N.D. Fla. Dec. 18, 2006)

(denying party's motion to leave to take re-depositions of four witness where eighteen depositions had already been taken); *see also Andrews v. Fowler,* 98 F.3d 1069, 1080 (8th Cir.1996).

Defendants' Motion in the instant case falls into this category, as they are requesting to depose Michael Olin, whom Plaintiffs previously deposed. Therefore, Defendants must obtain leave of the court to take the deposition.

When a party seeks leave to take more than ten depositions, the court's decision whether to grant such leave is governed by Rule 26(b)(2), which provides, in pertinent part,

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2), 30(a)(2).

In this case, the Court finds that another deposition of Mr. Olin would be contrary to the factors listed above. First, the Court holds that Defendants have had ample opportunity to seek discovery on the issue of whether Plaintiffs Bozeman and Ferguson were being paid by Coylin while working on the clock for Defendants. Defendants have not demonstrated that they did know and had no reason to know about whether Plaintiffs were working for Coylin while working for Defendants, during the relevant discovery period. Nor have Defendants identified exactly when they discovered the "new information" that is the basis for their allegation or even when they discovered the "data,

7

compilations, reports and other documents" that allegedly demonstrate that Mr. Olin was paying Plaintiffs, so Plaintiffs could not have been working overtime for Defendants.

To the contrary, based on Defendants' representations to the Court in their Motion to Continue Trial Date [*see* D.E. 27], Defendants had knowledge of this issue as early as February, 2008, providing at least four months of discovery time from the first revised discovery date of June 20, 2008, and an additional week under the second revised discovery deadline of June 27, 2008. And, on June 24, 2008, Mr. Alonso indicated that he had been aware of the issue for "several months," learning about it "soon after Olin was rehired," which according to Mr. Olin, was in March, 2008. Moreover, Defendants conceded that they have used the discovery time since Mr. Olin's deposition in February, 2008, to investigate this allegation, and, as a result, have provided Plaintiff with "data, compilations, reports and other documents" as of June 9, 2008 [D.E. 27], and that Defendants had discovered "more comprehensive information" during this time period, as of June 19, 2008. [D.E. 32].

Second, the Court finds that Defendants also had other means to obtain information regarding whether Plaintiffs were working for Coylin while employed for Defendants. Not only could Defendants have subpoenaed records from Coylin, but in a May 14, 2008, e-mail to Plaintiffs, Defendants divulged the names of approximately twenty witnesses other than Mr. Olin and Plaintiffs who they assert have information supporting Defendants' contention that Plaintiffs were actually working for Coylin while they were being paid by Defendants. [D.E. 29, ¶14]. Defendants have not demonstrated why they could not obtain the desired discovery regarding Plaintiffs' alleged activities for Coylin while on the clock for Defendants from these other sources, rather than re-deposing Mr. Olin.

Third, the Court finds that the burden or expense of the proposed discovery outweighs its likely benefit in this case. Mr. Olin has testified at deposition, and he has testified before the Court in a hearing regarding the whereabouts of pay documents. His statements have been conflicting regarding material issues. Particularly in view of the availability from other sources of discovery regarding Plaintiffs' alleged Coylin employment, the Court declines to expose the parties to the additional expense and burden of again deposing Mr. Olin, whose statements to date have been, at best, internally inconsistent.

### III. Conclusion

Accordingly, for the reasons set forth herein, it is hereby **ORDERED AND ADJUDGED** that Defendants Port-O-Tech Corp., William Peeler, and Manuel Alonso's Motion for Leave to Take Deposition of Michael Olin [D.E. 32] is **DENIED.**

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 2nd day of July, 2008.

ROBIN S. ROSENBAUM  
United States Magistrate Judge

cc:   Counsel of Record